# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

JUDITH WILLIAMS, and NICHOLSON LAW
FIRM, LLC, INDIVIDUALLY AND ON BEHALF
OF THOSE SIMILARLY SITUATED
)
    Plaintiff, )
)
v. )  Case No.
)
)
CIOX HEALTH, LLC )
)
    Defendant. )

## DEFENDANT CIOX HEALTH, LLC'S NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA"), see 28 U.S.C. §1332(d), Defendant Ciox Health, LLC ("Ciox" or "Defendant") hereby removes this action, captioned *Judith Williams, et al. v. Ciox Health, LLC*, Case No. C-698528 from the 19th Judicial District Court, East Baton Rouge Parish to the United States District Court for the Middle District of Louisiana. As grounds for removal, Defendant states as follows:

**I.**    **Parties and Factual Allegations.**

1. On or about August 3, 2020, Plaintiffs Judith Williams ("Williams") and Nicholson Law Firm, LLC ("Nicholson Law") (collectively, Plaintiffs) filed a Class Action Petition (the "Petition") in the 19th Judicial District Court, Parish of East Baton Rouge (the "State Court"). Williams and Nicholson are the only named Plaintiffs.

2. Plaintiffs allege that Ciox charged fees in violation of Louisiana Revised Statute 40:1165:1(A)(2)(b)(1) in responding to a request made by Nicholson Law for medical

records concerning Williams's medical treatment from OLOL Physicians Group. *See generally* Petition. Plaintiffs complain that the Electronic Data Archive Fee (the "Fee") Ciox charged for the requested medical records, despite the fact that the requestor consented to the Fee, violates La. R.S. 40:1161.1(A)(2)(b)(1), which they allege is the exclusive authority governing the fees medical record providers can charge. *Id.*

3. Plaintiffs assert four theories of recovery, each of which is based upon Plaintiffs' improper belief that Ciox charged unlawful fees: Violation of La. R.S. 40:1165.1(A)(2)(b)(i), et seq. (Count I); Payment of a Thing Not Owed (Count II); Injunctive Relief (Count III); and, Unjust Enrichment (Count V). *Id.*

4. In addition to Plaintiffs' individual claims, they seek to also represent "thousands of individuals and legal entities who are geographically disbursed" with allegedly similar claims. *See id.* at pp. 4-5.

5. Specifically, Plaintiffs seek certification of the following class:

> All persons or legal entities who, either directly or through an agent or legal representative, requested medical records from a healthcare provider in the State of Louisiana that contracted with Ciox Health, LLC (or one of its predecessor companies, HealthPort, IOD Incorporated, Care Communications or ECS) to produce such records, and were charged an Electronic Data Archive Fee since August 1, 2012.

6. In their prayer for relief Plaintiffs request, amongst other things: (1) compensatory damages; (2) civil penalties pursuant to La R.S. 40:1161.1(A)(2)(b)(1); (3) attorneys' fees and costs; (4) prejudgment interest; and, (5) injunctive relief. *Id.*, pp. 7-8.

II. **The Court Has Jurisdiction Under CAFA.**

7. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

8. This Court has original jurisdiction over this action under CAFA. See 28 U.S.C. § 1332(d).

2

9. Congress passed CAFA to expand federal jurisdiction over class actions. See Pub. L. No. 109-2, 119 Stat. 14(2)(B) (CAFA seeks to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction."); S. Rep. No. 109-14, at *43 (CAFA "is intended to expand substantially federal court jurisdiction over class actions."). To effectuate its purposes, Congress directed that CAFA "should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed by any defendant." S. Rep. No. 109-14, at *43.[1]

10. CAFA confers federal jurisdiction over certain class actions wherein which: (i) minimal diversity exists between the parties, (*i.e.*, where "any class member is a citizen of a State different from any defendant"); (ii) the proposed class contains at least 100 members (the "numerosity" requirement); and (iii) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2)-(6); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011) (citing 28 U.S.C. § 1332(d)(2) & (5)(B)). As explained below, each of these criteria are met here.

11. Ciox vigorously disputes the validity of Plaintiffs' claims and denies that this case is appropriate for class treatment. Nevertheless, for the purpose of determining whether federal jurisdiction exists, it is clear that this Honorable Court has subject matter diversity jurisdiction over this action under CAFA. See 28 U.S.C. § 1332(d).

---

[1] Further, although federal courts often apply what the United States Supreme Court has called a presumption against removal, *see, e.g., Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."), the Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

A.  *Minimal Diversity Exists.*

12. To establish federal jurisdiction, CAFA requires only minimal diversity—that is, at least one member of the plaintiff class is of diverse citizenship from at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

13. Upon information and belief, Plaintiff Williams is a citizen of Louisiana. *See* Petition at p. 1.

14. Upon information and belief, Plaintiff Nicholson Law is a Louisiana limited liability company with its principle place of business in Louisiana, with Jeff Nicholson as its sole member. The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077 (5th Cir. 2008); *Nunez v. Ace American Insurance Co.*, 2017 WL 6997341 (M.D. La. 2017). Jeff Nicholson is a Louisiana resident. Thus, Plaintiff Nicholson is a citizen of Louisiana.

15. Ciox is a Georgia limited liability company with a principal place of business in Georgia, with Smart Holdings Corp. as its sole member. As noted above, the citizenship of an LLC is the citizenship of all its members. *Deliverance Poker, LLC v Tiltware, LLC*, 771 F. Supp. 2d 658, 661 (W.D. Tex 2011) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080-1081 (5th Cir. 2008)). Smart Holdings Corp. is a Delaware corporation with its principal place of business in Georgia. As a result, Ciox is a citizen of Georgia and Delaware for purposes of diversity jurisdiction.

16. Because Plaintiffs are citizens of Louisiana and Ciox is not a citizen of Louisiana, the CAFA requirement of minimal diversity is satisfied (and, indeed, complete diversity is satisfied). 28 U.S.C. §1332(d)(2)(A).

### B.    *Putative Class Numerosity Is Satisfied.*

17. Plaintiffs allege that the number of class members is "thousands." *See* Petition at p. 4. Thus, based on Plaintiffs' allegations in the Petition that the class consists of thousands of persons (*Id.*), the proposed class—if certified—would contain more than 100 members.

18. Further, while denying any liability on account of Plaintiffs' allegations, based upon review of its internal records, Ciox has charged the challenged Fee described in the Petition to substantially more than 100 persons during the applicable class period.

19. Accordingly, based upon Plaintiffs' allegations, the putative class size satisfies 28 U.S.C. § 1332(d)(5)(B).

### C.    *The Amount in Controversy Exceeds $5,000,000.*

20. Based upon Plaintiffs allegations and theories (which Ciox disputes, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is satisfied.

21. CAFA requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate. See 28 U.S.C. § 1332(d)(2).

22. The amount in controversy is "an estimate of the amount that will be put at issue in the court of the litigation." *Fradella v. Coca-Cola Co.*, No. 17-9622, 2018 WL 1150899, at *2 (E.D. La. Mar. 5, 2018). "The amount may be established either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought, and includes everything the plaintiff seeks, not simply what the plaintiff is likely to win." *Id.* (internal citations and quotations omitted).

23. Under Louisiana law, Plaintiffs are prohibited from alleging a specific amount in controversy in their Petition. *See* LA. CODE CIV. PRO. art. 893(A)(1) (2004). Thus, where, as here, the plaintiff class does not allege a specific quantum of damages, defendants

may establish that the amount in controversy equals or exceeds the jurisdictional amount by "demonstrat[ing] that, from the class plaintiffs' pleadings alone, it is 'facially apparent' that CAFA's amount in controversy is met." *Berniard v. Down Chem. Co.,* 481 F. App'x 859, 862 (5th Cir. 2010) (per curiam) (*citing De Aguilar,* 11 F.3d at 57-58; *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999)). The Fifth Circuit in *Berniard* clarified the minimal burden to establish the amount in controversy under CAFA:

> The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million. This is a pleading requirement, not a demand for proof. Discovery and trial come later. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold. The removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands. . . . The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks. Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.

*Id.* (*quoting Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). Of course, "[that] the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobil Corp.,* 814 F.3d 236 (5th Cir. 2015).[2]

24. Here, Plaintiffs alleged claim arising under La. R.S. 40:1165.1(A)(2)(b)(i) alone meets CAFA's jurisdictional threshold. For purposes of CAFA calculations, La. R.S.

---

[2] In *Dart Cherokee Basin Operating Co. LLC v. Owens*, the U.S. Supreme Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and a district court must accept the defendant's good-faith allegations regarding the amount in controversy. 135 S. Ct. 547, 553-54 (2014). To the extent that this standard supplants the one articulated by the Fifth Circuit in *Berniard*, Ciox easily meets standard, too.

40:1165.1(A)(2)(b)(i) and La. CC Art. 2303 collectively permits parties to recover: (1) a refund of the disputed Fee, (2) civil penalties of $500 per violation, and (3) attorneys' fees.

25. The civil penalties and attorneys' fees sought by Plaintiffs are properly included in the amount in controversy calculation. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). Specifically, Plaintiffs request the Court order civil penalties pursuant to La. R.S. 40:1165.1(A)(2)(b)(i), which allows for an injured party to recover a civil penalty of $500.00 per violation. Additionally, Plaintiffs also request attorneys' fees, which count towards the amount in controversy when they are provided for by statute. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002). La R.S. 40:1165.1 explicitly provides for the recovery of attorneys' fees, thus such attorneys' fees too should be included in the determination.

26. In addition, Plaintiffs also seek a permanent injunction seeking "to enjoin [Ciox] from charging [the Fee]" indefinitely. If Ciox was precluded from charging the Fee previously consented to by individuals requesting copies of medical records be securely electronically delivered and stored, Ciox's loss, together with the other relief sought by Plaintiffs, would easily satisfy CAFA's amount in controversy requirement. *See Thompson v. Louisiana Regional Landfill Co.*, 365 F. Supp.3d 725, 730 (E.D. La. 2019); *see also Louisiana ex rel. Guste v. Fedders Corp.*, 539 F. Supp. 582, 585 (M.D. La. 1982) (in actions for injunctive relief, courts may determine the amount in controversy based on the "pecuniary consequences to those involved in the litigation." (quoting *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1014 (5th Cir. 1979))); *Fradella*, 2018 WL 1150899, at *2 n.30.

27. Upon information and belief, and Ciox's internal records, Plaintiff's proposed class definition includes a class of "thousands of individuals and legal entities" who have been

charged the disputed Fee. *See* Petition ¶ 37. The Petition also alleges that in response to Plaintiffs' request, Ciox issued two separate invoices, each of which included that allegedly improper Fee. *Id.* ¶¶ 22-23. Accordingly, it is apparent on the face of the Petition that Plaintiffs' asserted claims on behalf of "thousands" of parties place many tens—if not hundreds—of thousands of instances of Ciox charging the allegedly improper Fees at issue. Indeed, Ciox's review of its internal records discloses that Ciox in fact issued well in excess of 100,000 invoices with the challenged fee during the putative class period. Based upon Ciox's review, the number of invoices including the disputed Fee and the net revenue generated from the disputed fee that fall within the scope of the putative class, together with the other relief Plaintiffs seek (including, but not limited to, a civil penalty of $500.00 per violation, attorneys' fees, and injunctive relief) far exceeds $5,000,000. Specifically, accepting Plaintiffs' allegations as pleaded—and even without counting attorneys' fees or the value of Plaintiffs' requested injunction—if Ciox issued *just* 10,000 invoices containing the challenged Fee, the amount in controversy would easily exceed $5,000,000 (10,000 invoices x ($500 fee per violation + $2.00 alleged overcharge per invoice) = $5,020,000). As noted—and as the allegations in the Petition make plain—Ciox in fact issued an order of magnitude more invoices that included the Fee at issue.

28. None of the exceptions to jurisdiction set forth in 18 U.S.C. § 1332(d)(3) or (d)(4) apply.
29. Without conceding the merit of plaintiffs' allegations, a fair reading of the Plaintiffs' Petition and the collective value of the relief sought by Plaintiffs easily satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(6).

### III. <u>Removal to This Court Is Timely and Proper.</u>

30. Ciox was served with a summons and a copy of the Petition on August 14, 2020.

31. This Notice of Removal is filed within thirty (30) days of service upon receipt by Ciox of the Petition and is therefore timely pursuant to 28 U.S.C. §1446(b).

32. The United States District Court for the Middle District of Louisiana is the federal judicial district and division embracing the 19th Judicial District Court where this suit was originally filed. Venue is therefore proper in this Court under 28 U.S.C. §1441(a).

33. A copy of this Notice of Removal will be filed in the 19th Judicial District Court and served upon Plaintiffs, and all counsel of record, pursuant to 28 U.S.C. §1446(d).

34. As required by 28 U.S.C. § 1446(a), Ciox has attached as **Exhibit 1** a certified copy of all process, pleadings, and orders served upon it in the State Court.

35. Accordingly, the requirements of 28 U.S.C. §1332(d) are satisfied, and thus Ciox ask that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law. Ciox further requests that the removal of this action be entered on the docket of this Court and that the Court grant it other and further relief to which it may be legally and equitably entitled.

## IV.    **Reservation of Rights/Denial of Liability**

Nothing in this Notice is intended or should be construed as any type of express or implied admission by Ciox of any fact alleged by Plaintiffs, of the validity or merits of any of Plaintiff's claims and allegations, or of any liability for the same, each and all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Ciox's rights, claims, remedies, and defenses, either procedural or substantive, in connection with this action, all of which are hereby expressly reserved.

WHEREFORE, Ciox respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

Respectfully submitted,

**MG+M LAW FIRM**

/s/ Amanda L. Deto
Christopher O. Massenburg (LSBA No. 26989)
Amanda L. Deto (LSBA No. 38190)

One Canal Place
365 Canal Street, Suite 3000
New Orleans, Louisiana 70130
Phone: (504) 535-2880
Fax: (504) 535-2886
Email: cmassenburg@mgmlaw.com
       adeto@mgmlaw.com

***Attorneys for Ciox Health, LLC***

## VERIFICATION

This is to verify that the attached petition for removal is an accurate reflection which entitles the named petitioner to remove this case to the United State District Court for the Middle District of Louisiana, and that the attached pleadings represent all process, citations, and pleadings which have been served upon it to date in the state court proceeding sought to be removed to the instant federal forum.

SO CERTIFIED, this the 11th day of September, 2020.

/s/ Amanda L. Deto

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this date delivered, via mail, and/or fax and/or email, a true and correct copy of the foregoing document to counsel for Plaintiff and to all known counsel of record.

SO CERTIFIED, this the 11th day of September, 2020.


                      /s/ Amanda L. Deto